IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

QUINCY BINNS                                                                 Plaintiff

v.                                      5:07CV00248 BSM/HLJ

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                                     Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Quincy Binns,[1] has appeared the final decision of the Commissioner of the Social Security Administration to deny his claim for Supplemental Security Income (SSI). Both parties have filed

---

[1] The application was filed on Plaintiff's behalf by his adoptive mother. (Tr. 70-72) The usual, and better, practice is for this appeal to be brought by the mother as plaintiff on behalf of the child. However, the Court is satisfied that it is not necessary to appoint a guardian ad litem under the circumstances of this case. See Fed.R.Civ.P. 17(c).

appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 721 (8th Cir. 2005); see Young ex rel. Trice v. Shalala, 52 F.3d 200, 201-02 (8th Cir. 1995)(substantial evidence review in child benefits case). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Moore ex rel. Moore v. Barnhart, 413 F.3d at 721.

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

The Commissioner found Plaintiff not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial evidence.

> An individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i) (1996).

After conducting an administrative hearing at which Plaintiff

and his mother testified, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through March 22, 2007, the date of his decision. (Tr. 23-24) On July 27, 2007, the Appeals Council denied Plaintiff's mother's request for a review of the ALJ's decision, thereby making it the final decision of the Commissioner. (Tr. 4-6)

Plaintiff then filed his complaint initiating this appeal. (Docket #2) After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

At the time of the administrative hearing, Plaintiff was eleven years old, and a student in the sixth grade. (Tr. 262-63) In determining whether an SSI claimant under the age of 18 is under a disability, a three-step sequential evaluation process is used which is comparable to the five-step sequential evaluation process utilized for adults. 20 C.F.R. § 416.924(a) (2006).

The first step is a determination whether the child is engaged in substantial gainful activity. Id., § 416.924(b). If so, benefits are denied; if not, the evaluation continues to the next step.

The second step involves a determination whether the impairment or combination of impairments is severe, i.e., more than a slight abnormality that causes no more than minimal functional limitations. Id., § 416.924(c). If not, benefits are denied; if so, the evaluation continues.

---

[2]The Hon. Lesly W. Mattingly.

The third step involves a determination whether the child has impairment(s) that meet, medically equal or functionally equal in severity a Listed impairment.  Id., § 416.924(d).  If so, and if the duration requirement is met, benefits are awarded; if not, benefits are denied.

The ALJ found that Plaintiff had never engaged in substantial gainful activity.  (Tr. 18)  He determined that he did have "severe" impairments, a learning disorder and attention deficit hyperactivity disorder, but that he did not have any impairment or combination of impairments that met or medically equaled a Listing or that functionally equaled a Listed impairment.  Id.  Consequently, he found that he was not disabled.  (Tr. 23)

Since Plaintiff had "severe" impairments, but they did not meet or medically equal a Listing, it was necessary for the ALJ to determine if the impairments functionally equaled a Listing.  20 C.F.R. § 416.926a(a) (2006).

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (the Welfare Reform Act), P.L. 104-193, 110 Stat. 2105 (codified in scattered sections of 42 U.S.C.), required implementing regulations.  One significant change that the final regulations made from the interim final regulations is the manner of determining functional equivalence.  There is now a single method of evaluating functional equivalence based only on domains of functioning.  Under this regulation, an impairment is functionally equivalent to a Listing when the impairment results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning.  Id.

4

A "marked" limitation in a domain seriously interferes with a child's ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2) (2006). It also means a limitation that is "more than moderate" but "less than extreme." Id. It is the equivalent of functioning expected on standardized testing with scores that are at least two, but less than three, standard deviations below the mean. Id.

An "extreme" limitation in a domain very seriously interferes with a child's ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(3) (2006). "Extreme" limitation also means a limitation that is "more than marked." Id. It is the rating given to the worst limitations. Id. It is the equivalent of functioning expected on standardized testing with scores that are at least three standard deviations below the mean. Id.

The domains of functioning are:

1) Acquiring and using information;

2) Attending and completing tasks;

3) Interacting and relating with others;

4) Moving about and manipulating objects;

5) Caring for yourself; and

6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i-vi) (2006).

These domains are described in greater detail, with examples, in the regulations. 20 C.F.R. § 416.926a(g)-(l) (2006).

The ALJ found that Plaintiff had "less than marked" limitation of function in the domains of acquiring and using information,

attending and completing tasks and interacting and relating with others. (Tr. 20-21) He found that he had no limitation of function in the domains of moving about and manipulating objects, caring for yourself and health and physical well-being. (Tr. 22-23)

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. (Br. 11-13) In support of that argument, Plaintiff points out that the ALJ failed to identify Plaintiff's mother as being present at the administrative hearing. (Br. 12) It is true that the ALJ's opinion does not mention her by name. It does, however, refer to her as his adoptive mother and summarizes her testimony:

> The claimant was adopted in 2001 along with his four brothers and sisters. His adoptive mother reported the claimant has some bad anger problems and that he is real hyped up. He takes medication every morning and always before school. He then pays more attention to his school work and doesn't get into trouble. She stated they have him on medications or they are afraid he would hurt someone. He was reported to be okay at the beginning of school but toward the end of school he gets out of his chair, sits on the floor and interrupts the class. She reported receiving state adoption assistance and Medicaid for each child.

(Tr. 19)

The ALJ clearly considered the testimony of Plaintiff's mother. Plaintiff's point is not well taken.

Plaintiff also complains that the ALJ omitted any discussion of treatment by Arkansas Behavioral Health Care. (Br. 12-13) Plaintiff does not, however, say why that omission results in harmful error. Id. The ALJ indicated that he considered the complete medical history. (Tr. 15) The Court has reviewed the records in question. (Tr. 226-32, 244-55) A fair reading of those records reveals that

Plaintiff was receiving medication and it was having the desired effect.  Id.  While it might have been preferable to mention that treatment, an "arguable deficiency in opinion-writing technique" does not require the Court to set aside an administrative finding when that deficiency had no bearing on the outcome.  Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992), quoting Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987); accord, Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996).

Next, Plaintiff contends that the ALJ erred as a matter of law by failing to afford controlling weight to his treating providers' diagnoses.  (Br. 13-14)  He neglects, however, to point out what treating providers' diagnoses deserve controlling weight.  Id.  Such a failure to cite to the record in support of an argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers.  Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2

(10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); <u>Hartmann v. Prudential Ins. Co. of America</u>, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); <u>SEC v. Thomas</u>, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); <u>Leer v. Murphy</u>, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

The only cited "diagnosis" is a portion of a To Whom It May Concern letter written by Jim Aukstuolis, M.D., that states, "Any help that you may give this child would be most appropriate and appreciated."  (Tr. 227)  That is not a diagnosis.

Finally, Plaintiff contends that the ALJ erred as a matter of law by failing to develop the record and should have recontacted his treating medical providers as required by 20 C.F.R. § 404.1512(e).  That regulation, however, applies to Title II claims.  The parallel regulation for SSI claims is 20 C.F.R. § 416.912(e) (2006).  In pertinent part, it reads as follows:

> (e) *Recontacting medical sources.*  When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. . . . .

The ALJ would have had a duty to recontact a medical source when the evidence received from that source was inadequate to determine

whether Plaintiff was disabled.  In this case, it was not inadequate and the ALJ therefore did not need to recontact that medical source.  Plaintiff's argument lacks merit.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 29th day of January, 2009.

_Henry L. Jones, Jr._
UNITED STATES MAGISTRATE JUDGE